22291

Preston B. FENDER, Cecil Fender, Glennie L. Fender, Harold Fender, Russell Fender, Darthy D. Fender, Johnnie E. Fender, and Virginia F. Prevatte, Respondents, v. James E. FENDER, Appellant.

(329 S. E. (2d) 430)

Supreme Court

*Wendell O. Adams,* Walterboro, and *James B. Richardson, Jr.,* Columbia, *for appellant.*

*John E. Parker,* Hampton, *for respondents.*

Heard March 27, 1985.

Decided April 22, 1985.

GREGORY, Justice:

James E. Fender appeals from an order for recission of a deed to real property, and restitution of money and personal property transferred by appellant to himself as attorney in fact of the late Leroy Fender. We affirm.

Appellant was granted a general power of attorney in an instrument executed by Mr. Fender dated February 2, 1982. Three weeks later, appellant transferred 37.4 acres of real estate and a car, both owned by Leroy Fender, to himself. He also transferred monies in two bank accounts[1] to himself.

Respondents, devisees and legatees under Leroy Fender's will, brought this action to recover the money and property. The trial judge granted their motion for summary judgment regarding the land, car, and one bank account, ruling appellant was without authority to effectuate the disputed transfers. We agree.

Absent intention to the contrary, an agent must further the principal's interests. He may not use his authority in a manner hostile to the principal for the benefit of himself or a third party. 2A C. J. S. *Agency*, § 151, p. 773. It is incumbent upon the agent to act with the utmost good faith and loyalty. 3 C. J. S. *Agency*, § 271, p. 31. Effectively, absent express intention, an agent may not utilize his position for his or a third party's personal benefit in a substantially gratuitous transfer. *See Estate of Rolater*, 542 P. (2d) 219 (Okla. App. 1975); *Thompson v. Thompson*, 190 Ga. 264, 9 S. E. (2d) 80 (1940); *See also Aiello v. Clark*, 680 P. (2d) 1162 (Alaska 1984).

Appellant seeks to remove himself from the operation of the general rule. He contends that Mr. Fender orally authorized the transfers.[2] Notwithstanding such a claim, we hold today that any purported oral authorization was ineffective. The power to make any gift must be expressly granted in the instrument itself.[3]

"It is for the common security of mankind ... 'that gifts procured by agents ... from their principals, should be scrutinized with a close and vigilant suspicion.' " *Harrison v. Harrison*, 214 Ga. 393, 105 S. E. (2d) 214, 218 (1958). Therefore, in order to avoid fraud and abuse, we adopt a rule barring a gift by an attorney in fact to himself or a third party absent clear intent to the contrary evidenced in writing.

---

[1] Only one bank account is at issue in this appeal.

[2] Mr. Fender's competency is not at issue, and there is no contention that he was incompetent when the transfers were made.

[3] *Cf.* 73 A. L. R. 884 (regarding the grant of a power to sell and convey, and its effect upon a subsequent gift).

Affirmed.[4]

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.

---

[4] Appellant's exception to the exclusion of testimony is mooted by our opinion.