1377

Lois McCARTER, Individually and as Executrix for the Estate of James Tillman Barker, Appellant v. J. Paul WILLIS, Respondent.

(383 S. E. (2d) 252)

Court of Appeals

*Edward W. Miller* of *Miller & Paschal*, Greenville, *for appellant.*

*Jesse M. Ray*, Greenville, *for respondent.*

Heard June 12, 1989.

Decided July 31, 1989.

*Per Curiam:*

Lois McCarter sued J. Paul Willis for breach of fiduciary duty, conversion and an accounting. Following all testimony, the trial court directed a verdict for Willis on all causes of action. McCarter appeals. We reverse and remand for trial.

McCarter is the executrix for the estate of her father, James Barker. Barker was in prison from 1979 to 1984. Sometime in 1981 or 1982, Willis took over Barker's affairs. The initial arrangement between Willis and Barker does not appear anywhere in writing. The testimony shows Willis acquired authority to sign checks on Barker's account and assumed responsibility for paying Barker's expenses.

In 1984, Barker executed a power of attorney naming Willis his attorney in fact. Willis testified he carried out the same functions both before and after he received the power of attorney.

Willis moved money from Barker's checking account into two certificates of deposits. The certificates were jointly titled to Barker and Willis. Eventually he cashed both certificates. The first he cashed two days before Barker died. The second he cashed three weeks later.

Willis testified he cashed the first certificate to have money to pay Barker's expenses. He kept the unspent proceeds of that certificate and the entire sum from the second one, because he considered them his property.

In response to a question on cross-examination, Willis agreed he was "entrusted" with the checking account originally. He claimed he purchased the C.D.'s on Barker's instructions.

McCarter claims Willis breached a fiduciary duty in keeping the money from the certificates of deposit.

McCarter also claims Willis wrongfully took a television that belonged to Barker. Willis admits he has the television, but claims Barker gave it to his (Willis's) wife. McCarter claims the will leaves it to her.

In granting Willis's directed verdict motion, the trial court stated

> I'm going to grant the motion on the ground that you have failed to show by clear and convincing evidence that this was anything other than a joint account with a right of survivorship.

When McCarter mentioned the conversion claim, the trial court responded, "I've made my ruling."

Willis concedes he was Barker's agent "beginning probably no later than January 27, 1981 and continuing until Barker's death in January 1986."

An attorney in fact may not make a gift to himself unless there is clear intent in writing from the principal allowing the gift. *Fender v. Fender*, 285 S. C. 260, 329 S. E. (2d) 430 (1985). Oral authorization is not acceptable. *Fender.*

> A trustee is held to something stricter than the morals of the marketplace. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior.

*Meinhard v. Salmon*, 249 N. Y. 458, 464 164 N. E. 545, 546 (1928).

The trial court's directed verdict rested on a provision of the Uniform Probate Code stating that joint accounts belong to the survivor at death. See S. C. Code Ann. Section 62-6-104(a) (1976 as amended). This ruling does not give heed to whether there is any evidence Willis breached a trust when he used his position as manager of Barker's affairs to open joint certificates of deposit. Further, that ruling does not address the conversion claim.

In this appeal from grant of a directed verdict our scope of review is limited to determining whether there is any evidence Willis breached a fiduciary duty and converted property. *Milhouse v. Food Lion, Inc.*, 289 S. C. 203, 345 S. E. (2d) 739 (Ct. App. 1986) (stating directed verdict standard). We find there is some evidence to support these causes of action. Therefore we reverse and remand for a new trial.

Reversed and remanded.