George A. TOWNSEND, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 8:CV93–00402.

United States District Court,
D. Nebraska.

March 16, 1995.

Lawrence H. Yost, Yost, Schafersman Law Firm, Fremont, NE, for plaintiff.

Paul W. Madgett, Thomas J. Monaghan, U.S. Atty., Omaha, NE, Robert D. Metcalfe, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION

STROM, District Judge.

This matter is before the Court on defendant's motion for summary judgment (Filing No. 24). After careful consideration of the briefs, the exhibits and the applicable law, the Court finds that defendant's motion should be granted.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. A material issue is genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the Court must view all evidence and inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. However, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. And if the plaintiff cannot support each essential element of his claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53. The Court reviews defendant's motion for summary judgment in light of the foregoing standard.

## FACTS

On October 1, 1990, Merl Townsend died at the age of ninety-three (93). Three years earlier in June of 1987, Merl Townsend moved from his home of fifty-two years in Fremont, Nebraska, into Arbor Manor, an assisted living facility. On June 11, 1987, about the time of his move to Arbor Manor, Merl Townsend executed a durable power of attorney naming his son, George A. Townsend, as attorney in fact. The power of attorney instrument specifically authorized George Townsend to perform numerous acts as Merl Townsend's attorney in fact. However, the instrument failed to expressly authorize George Townsend to make gifts on behalf of Merl Townsend.[1]

---

1. The power of attorney instrument provides as follows:

   *POWER OF ATTORNEY*

   KNOW ALL MEN BY THESE PRESENTS that I, MERL C. TOWNSEND, of Fremont, Dodge County, Nebraska, have made, constituted, and appointed, and do hereby make, constitute and

   appoint my son, GEORGE A. TOWNSEND, my true and lawful attorney, for me and in my name and on my behalf to receive and receipt for any and all sums of money or payments due or to become due to me; to deposit in my name in any bank or banks any and all money collected or received by my said attorney; to

During the three years prior to his father's death, George Townsend made transfers of Merl Townsend's property totaling $497,075 ("transfers" or "lifetime transfers") to himself and various individuals, primarily family members, in an attempt to reduce Merl Townsend's gross estate by utilizing the $10,000 annual gift tax exclusion. The transfers were made by checks drawn on Merl Townsend's checking account at the Fremont National Bank & Trust Co. and were signed by George Townsend as authorized by the power of attorney.

On June 28, 1991, following his father's death in 1990, George Townsend, acting as personal representative of Merl Townsend's estate, filed the federal estate tax return with the Internal Revenue Service ("IRS"). On March 24, 1993, the district director of the IRS notified plaintiff of a deficiency of estate taxes in the amount of $183,291. The IRS calculated the estate tax deficiency by concluding that plaintiff understated Merl Townsend's gross estate by $524,554. This sum included the $497,075 in transfers made by George Townsend from his father's checking account in the three years before Merl Townsend's death. On April 16, 1993, plaintiff (1) paid the deficiency amount plus interest for a total of $213,043 to the IRS; and (2) filed with the IRS a Claim for Refund in the amount of $178,156 plus interest. The refund claim pertains solely to the federal estate tax on the $497,075 in lifetime transfers. The IRS has not made any refund and plaintiff filed the present suit.

## DISCUSSION

Section 2038(a)(1) of the Internal Revenue Code provides that a decedent's gross estate includes any interest in property transferred by the decedent for less than full and adequate consideration if at the time of decedent's death, the enjoyment of the property was subject to the decedent's power to revoke, alter, amend or terminate. 26 U.S.C. § 2038(a)(1). Defendant argues that because the power of attorney instrument did not explicitly authorize George Townsend to make gifts on behalf of his principal, Merl Townsend retained the power to revoke the gifts made by his attorney in fact. Consequently, defendant argues, the gifts are includible in the gross estate pursuant to § 2038(a)(1). Plaintiff argues that Merl Townsend actually made the gifts and that George Townsend acted merely as the "scrivener" of the checks as explicitly authorized by the power of attorney. Thus, the sole issue of law before the Court on defendant's motion is whether a power of attorney instrument must explicitly authorize the attorney in fact to make gifts on the principal's behalf in order for such gifts to be valid. Both parties agree that Nebraska law governs this issue. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967).

In *Fletcher v. Mathew*, 233 Neb. 853, 448 N.W.2d 576 (1989), and *Vejraska v. Pumphrey*, 241 Neb. 321, 488 N.W.2d 514 (1992), the Nebraska Supreme Court quoted with approval the rule established in *Fender v. Fender*, 285 S.C. 260, 329 S.E.2d 430 (1985), wherein the Supreme Court of South Carolina stated:

Effectively, absent express intention, an agent may not utilize his position for his or a third party's personal benefit in a substantially gratuitous transfer.

Appellant seeks to remove himself from the operation of the general rule. He contends that Mr. Fender orally authorized the transfers. Notwithstanding such

---

pay any and all bills, accounts, claims, and demands now or hereafter payable by me; to draw checks or drafts upon any and all bank accounts or deposits belonging to me; to act for me in any business in which I am now or have been engaged or interested, and generally to do and perform all matters and things; transact all business; make, execute and acknowledge all contracts, orders, deeds, writings, assurances and instruments which may be requisite or proper to effectuate any matter or thing appertaining or belonging to me, and generally to act for me, in all matters affecting my business or property with the same force and effect to all intents and purposes as though I were personally present and acting for myself, hereby ratifying and confirming whatsoever my said attorney shall do by authority hereof.

This Power of Attorney shall not be affected by disability of the principal.
(Declaration of Martin G. Farrell, Defendant's Exhibit "J").

a claim, *we hold today that any purported oral authorization was ineffective. The power to make any gift must be expressly granted in the instrument itself.*

"It is for the common security of mankind ... 'that gifts procured by agents ... from their principals, should be scrutinized with a close and vigilant suspicion.'" *Harrison v. Harrison,* 214 Ga. 393, 105 S.E.2d 214, 218 (1958). Therefore, in order to avoid fraud and abuse, we adopt a rule barring a gift by an attorney in fact to himself or a third party absent clear intent to the contrary *evidenced in writing.*

*Id.,* 329 S.E.2d at 431 (emphasis supplied). In *Fletcher v. Mathew, supra,* the Nebraska Supreme Court expressly adopted this rule, stating "We recognize the wisdom of such a rule and hereby adopt it to govern the relationship between attorney in fact and principal." 233 Neb. at 861, 448 N.W.2d at 582. Accordingly, the law of Nebraska requires that a power of attorney instrument must explicitly authorize an attorney in fact to make gifts on behalf of the principal.

Plaintiff argues that the law in Nebraska allows an attorney in fact to make gifts on behalf of the principal absent an express provision in the instrument so long as the attorney in fact can show a "clear intent" on the part of the principal to make a gift. In support of this argument, plaintiff quotes Headnote No. 12 from the *Fletcher* decision, which provides that "no gift is permitted by an attorney in fact to himself or herself or a third party absent clear intent on the part of the principal to the contrary." Accordingly, plaintiff's position is that either the instrument must explicitly authorize gifts by the attorney in fact *or* a clear intent by the principal must be shown—as Nebraska law does not require both an express provision in the instrument and a showing of clear intent.

However, this argument ignores the rule established in *Fender* and adopted in *Fletcher* which requires that the clear intent be "evidenced in writing." Furthermore, the Nebraska Supreme Court clarified this rule in *Vejraska, supra,* when it stated in its opinion and in Headnote No. 2, the law of the case, that "No gift may be made by an attorney in fact to himself or herself unless the power to make such a gift is expressly granted in the instrument itself *and* there is shown a clear intent on the part of principal to make such a gift." *Vejraska,* 241 Neb. at 327, 488 N.W.2d at 518 (emphasis supplied). By the use of the conjunctive "and," the Nebraska Supreme Court apparently created a dual condition for an attorney in fact to make gifts on behalf of the principal. Plaintiff argues that the court "misstated" the rule in *Vejraska* or "inadvertently misquoted their own rule" announced in *Fletcher.* The Court does not believe this to be true considering the Nebraska Supreme Court's obvious concern that the authority to make gifts be expressly granted in the instrument as evidenced by the literal adoption of the *Fender* rule. In addition, this Court cannot make the determination of whether the Nebraska Supreme Court "misstated" or "misquoted" the rule in *Vejraska.* Instead, the Court must apply the law as it is plainly written.

▨ Plaintiff argues in the alternative that George Townsend acted merely as the "scrivener" for Merl Townsend who actually made the gifts in question. To support this argument, plaintiff urges that Merl Townsend was competent at all relevant times and thus had sufficient mental capacity to make the gifts. However, plaintiff cannot circumvent the rule requiring an explicit grant of authority to make gifts in the power of attorney by relying on the express authority to write checks on the principal's behalf. George Townsend derived his authority to write checks solely from the power of attorney instrument. As the Court stated in *Fletcher,* "Powers of attorney are by necessity strictly construed, and broad encompassing grants of power are to be discounted." 233 Neb. at 861, 448 N.W.2d at 582. Accordingly, powers of attorney will be deemed to grant only those powers which are clearly delineated. Given the strict construction of such instruments and the requirement that the authority to make gifts must be explicit, plaintiff's argument must fail. While plaintiff did have the authority to write checks, he lacked the authority to make gifts. Absent an express provision in the power of attorney, plaintiff could not make gifts upon the oral direction of his principal.

Finally, plaintiff argues that the rule established in *Fletcher* and *Vejraska* is not applicable to this case since the present case does not involve fraud. It is true that *Fletcher* and *Vejraska* involve fraud while the present case does not. However, the Court finds nothing in these decisions to suggest that the Nebraska Supreme Court intended to limit the effect of their holdings only to cases of fraud. It is true that the primary policy consideration for the rule is to prevent instances of self-dealing and fraud. Nevertheless, as quoted above the court in *Fletcher* stated that "We recognize the wisdom of such a rule and hereby adopt it *to govern the relationship between attorney in fact and principal.*" 233 Neb. at 861, 448 N.W.2d at 582 (emphasis supplied).

The Court finds additional support for its decision in *Estate of Casey v. Commissioner,* 948 F.2d 895 (4th Cir.1991), in which the Fourth Circuit Court of Appeals addressed precisely this issue. In *Casey,* the decedent's son, acting pursuant to a power of attorney, made gifts of the principal's estate to make use of the annual gift tax exclusion. As in the present case, the power of attorney did not specifically authorize the attorney in fact to make gifts. The IRS argued that the gifts constituted revocable transfers and therefore were includible in the decedent's gross estate pursuant to 26 U.S.C. § 2038(a)(1). Without identifying the particular language in the instrument, the Tax Court found that the attorney in fact had the authority to make the gifts. The Fourth Circuit reversed, relying largely on the *Restatement (Second) of Agency* which provides:

> Formal instruments which delineate the extent of authority, such as powers of attorney ... either executed on printed forms or otherwise giving evidence of having been carefully drawn by skilled persons, can be assumed to spell out the in-

tent of the principal accurately with a large degree of particularity ... [S]ince such instruments are ordinarily very carefully drawn and scrutinized, the terms used are given a technical rather than a popular meaning, and it is assumed that the document represents the entire understanding of the parties.

*Id.* § 34, comment h. Like the Nebraska Supreme Court, the court in *Casey* adopted the "flat rule" of *Fender v. Fender, supra.* The court reasoned that the policy considerations for such a rule, namely the prevention of fraud and self-dealing, are heightened when the instrument creates a durable power of attorney, stating:

> The special quality of the durable power—that it survives incapacity—removes the most critical basis for that assurance, making post-capacity protection wholly dependent upon the care with which powers are expressly conferred in the instrument.

*Estate of Casey,* 948 F.2d at 899. Finally, the court in *Casey* considered the principal's intent. Considering the care with which the instrument was drafted and the specificity of powers enumerated, the failure to provide for making gifts constituted a "glaring omission" suggesting a "positive intent" that the attorney in fact not receive the authority to make gifts. The nature of gifts, namely the absence of exchanged value, strengthens this conclusion. *Id.* at 900.[2] Factually, substantively and legally speaking, the decision in *Casey* and the present case are nearly identical. Accordingly, the Court follows the sound reasoning of the Fourth Circuit Court of Appeals in that decision.

■■■ Plaintiff attempts to create genuine issues of material fact of Merl Townsend's mental capacity and history of generosity. Defendant concedes these points. In addition, having determined that the Nebraska Supreme Court adopted the "flat rule" of

---

**2.** Interestingly, the Fourth Circuit was again forced to address this issue in *Estate of Ridenour v. Commissioner,* 36 F.3d 332 (4th Cir.1994). Under similar facts and applying Virginia law, the court in *Ridenour* reached an opposite conclusion. Subsequent to the decision in *Casey,* however, the Virginia General Assembly enacted § 11–9.5 to the Virginia code. Section 11–9.5 provides that under the circumstances presented

in *Ridenour, Casey* and the present case, a court may infer a gift power when one is not explicitly set forth in the instrument. Absent such a provision in the Nebraska statutes, the decision in *Casey* provides compelling authority for the Court's decision in the present case and the subsequent decision in *Ridenour* reinforces this conclusion.

*Fender v. Fender,* the decedent's mental capacity and history of generosity are irrelevant to the inquiry of whether the power of attorney instrument authorized the attorney in fact to make gifts.

## CONCLUSION

The question presented was one of law. There being no genuine issue of material fact, this case is appropriate for summary judgment. Accordingly, the Court will grant defendant's motion for summary judgment and dismiss plaintiff's claim with prejudice. A separate order will be issued in accordance with this opinion.