The ESTATE OF Sylvia S. SWANSON, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 00–5079.

United States Court of Appeals, Federal Circuit.

DECIDED: May 25, 2001.

Rehearing Denied July 19, 2001.

**834**

Before LOURIE, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

In this estate tax case, the appellant seeks a refund of taxes paid based on its contention that certain funds that the government characterized as part of the estate had been irrevocably given to third parties at the time of the decedent's death. The trial court held that the decedent had not made irrevocable gifts of the funds at the time of her death and that the funds were therefore properly included within the estate. We agree with the trial court's analysis and therefore *affirm.*

I

Sylvia Swanson, an elderly widow, was the sole trustee of a survivor's trust; her nephew, Dean Stubblefield, was named as successor trustee. After Ms. Swanson was declared legally blind in 1985, Mr. Stubblefield took over responsibility for managing Ms. Swanson's finances.

In December 1990, after a 20–day period of hospitalization, Ms. Swanson entered a nursing home. On December 14, 1990, she executed a document entitled "durable power of attorney," which gave Mr. Stubblefield legal authority to manage and dispose of Ms. Swanson's property and accorded him "sole discretion" as to when and how to invoke those powers.

In February 1991, shortly before Ms. Swanson's death, Mr. Stubblefield wrote, signed, and delivered checks from the trust account to himself and 37 others in the amount of $10,000 each. Mr. Stubblefield testified that he proposed that Ms. Swanson make gifts of $10,000 each to 40 individuals for purposes of minimizing the impact of the estate tax on her estate, and that she approved 38 of the 40 proposed gifts by nodding her head when Mr. Stubblefield read each individual's name.

After making a federal estate tax payment, the appellant estate claimed a re-

fund of $146,039 based on the 38 checks, which the estate contended should not have been treated as part of the estate at the time of Ms. Swanson's death. The Internal Revenue Service denied the claim on the ground that the purported gifts were not valid and that the $380,000 represented by the 38 checks signed by Mr. Stubblefield was therefore includible in the gross estate under 26 U.S.C. § 2038(a)(1).

The estate filed an action in the United States Court of Federal Claims seeking a refund of the claimed amount. On cross-motions for summary judgment, the court granted judgment for the government on the ground that the purported gifts were invalid under California law. Because the gifts were revocable, the court held that they were properly included in Ms. Swanson's estate and subject to tax on that basis. The estate then took this appeal.

## II

This case turns on California law. The estate contends that under California law, Mr. Stubblefield was authorized to make gifts from the trust on Ms. Swanson's behalf. The government contends that under California law Mr. Stubblefield was not so authorized and that, as a consequence, the $380,000 represented by the 38 checks executed by Mr. Stubblefield was never validly removed from the trust and is therefore taxable in Ms. Swanson's estate. We agree with the trial court that under California law, Mr. Stubblefield was not authorized to make gifts from the trust funds and that the 38 purported gifts were therefore properly treated as part of Ms. Swanson's estate for tax purposes.

■ In challenging the ruling of the trial court, the estate makes two arguments. First, it argues that there was a factual question as to whether the durable power of attorney allegedly executed by Ms. Swanson on December 14, 1990, was valid-

ly executed. In particular, the estate suggests that the signature on the durable power of attorney may not have been Ms. Swanson's. The problem with that argument is that the estate did not challenge the validity of the power of attorney in the trial court. In fact, in the trial court one of the estate's arguments was that the power of attorney was valid and that it expressly authorized Mr. Stubblefield to make the gifts at issue in the case. The estate cannot now reverse field, contend that the power of attorney was invalid, and argue that the trial court erred by granting summary judgment without addressing the validity of the power of attorney.

The estate's second argument is more substantial. The estate contends that Mr. Stubblefield was not required to invoke the durable power of attorney to write the 38 checks at issue in this case. Instead, the estate argues, Mr. Stubblefield was authorized by common law agency principles to make the gifts, since Ms. Swanson directed him to make the gifts, and that he was authorized to act in the capacity of a common law agent without regard to the scope or limitation of the powers granted under the durable power of attorney he held from Ms. Swanson. Although this argument has some appeal, we agree with the trial court and the government that it is contrary to California law, and we therefore reject it.

■ Under California law, a durable power of attorney is not construed to confer the power to make gifts unless the document expressly provides that power in writing. That rule, which is now codified in statute, see Cal. Prob.Code § 4264, has been part of California's common law for many years, see, e.g., Shields v. Shields, 200 Cal.App.2d 99, 101, 19 Cal.Rptr. 129 (1962); Bertelsen v. Bertelson, 49 Cal. App.2d 479, 122 P.2d 130, 133 (Cal.Dist.Ct.

App.1942). Moreover, the California rule appears to be that when an agent has a power of attorney from the principal, the agent cannot exercise the authority to make gifts on behalf of the principal even if the principal purports to give the agent direct oral authority to do so. *See Estate of Huston v. Greene,* 51 Cal.App.4th 1721, 1726–27, 60 Cal.Rptr.2d 217 (1997).

■ The reason underlying that rule, which is followed in many jurisdictions, *see, e.g., Estate of Casey v. Commissioner,* 948 F.2d 895 (4th Cir.1991); *Townsend v. United States,* 889 F.Supp. 369 (D.Neb. 1995); *Wade v. Northrup,* 70 Or. 569, 140 P. 451 (1914); *Fender v. Fender,* 285 S.C. 260, 329 S.E.2d 430 (1985), is that to permit a person with a power of attorney to invoke ordinary agency principles to claim powers additional to those given by the power of attorney would make it too easy to bypass restrictions imposed by the parties or by law on the scope of a power of attorney. Thus, as in this case, a power of attorney that does not contain authorization to make gifts is treated under California law as reflecting the intention of the parties to deny the agent the power to make gifts. Yet if the agent could make gifts simply by invoking general agency principles as an alternative source of power, the legal limitation on the agent's authority under the power of attorney would be worth little. The policy against permitting subversion of the limits on the power of attorney counsels against permitting persons with a power of attorney to invoke other legal principles to exercise powers that are not available under the power of attorney. It is for that reason that the Restatement of Agency explains that "it is assumed that [a document conveying a power of attorney] represents the entire understanding of the parties." *Restatement (Second) of Agency* § 34, cmt. h (1958). Thus, if Mr. Stubblefield was not authorized to make gifts of Ms. Swanson's property under the power of attorney—and we think it clear that under California law he was not—he was likewise not authorized to make gifts under the general principles of agency law.

In the *Huston* case, the California case closest to this one, the court refused to sustain a gift to the agent purportedly made in accordance with the principal's oral instructions, because the gift was contrary to limitations in the power of attorney. The court refused to recognize the gift in that case, even though the principal stated to a neutral third party her intention to make the gift to the agent. The estate seeks to distinguish *Huston* on the ground that in that case the power of attorney expressly forbade the agent from making gifts to himself. In light of the California rule that a power of attorney is construed to forbid the agent from making gifts unless the power is expressly granted, that distinction is unavailing. While it is also true that the gift in *Huston* was solely to the agent and not in part to third parties, that distinction also has no legal force. The point of *Huston* was that the court declined to uphold a gift that was outside the authority granted to the agent by the power of attorney, notwithstanding the evidence that the principal wished to make the gift. Applying the same principle here, the 38 checks signed by Mr. Stubblefield purporting to make gifts to himself and others must be deemed to be revocable transfers.

In sum, we agree with the trial court that, absent authorization in the durable power of attorney or a written modification of the power of attorney, Mr. Stubblefield was not authorized to make the gifts as agent for Ms. Swanson, and that the funds represented by the 38 disputed checks

were therefore properly included in Ms. Swanson's estate.