OPINION
{¶ 1} In four assignments of error, plaintiff-appellant J. Terence MacEwen contests the summary judgment entered in favor of his sister, defendant-appellee Sandra Jordan, on his claims for breach of fiduciary duty, unjust enrichment, and constructive trust. MacEwen claims that Jordan exceeded the authority granted to her as their father's attorney-in-fact and breached her fiduciary duty of care when she made gratuitous transfers of their father's property to herself under his grant to her of his power of attorney. Because the power of attorney expressly granted authority to Jordan to make gifts to third persons, including herself, and because there is no evidence of undue influence, the judgment of the probate court is affirmed.
 FACTS {¶ 2} In September 1994, Jordan's father moved into her home. She stopped working to take care of her father. Two months later, Jordan's father executed a durable power of attorney naming her as his attorney-in-fact. MacEwen was named as successor attorney-in-fact. Two years later, on September 29, 1996, their father executed a new power of attorney, which expressly granted the following power to his attorney-in-fact: "To make gifts at any time, or from time to time, to anyone, including my Attorney-in-Fact, in such amounts and using such property as my Attorney-in-Fact shall determine." Under the new power of attorney, Jordan remained as attorney-in-fact, but MacEwen was replaced by Jordan's husband, a lawyer, as successor attorney-in-fact. The record is silent as to who prepared the power of attorney. Their father's will, executed in 1987, left his estate in equal shares to MacEwen and Jordan. The will designated that Jordan was to serve as his executor.
 {¶ 3} Until her father's death in December 1999, Jordan exercised the powers granted under the power of attorney. She made gifts to herself and to her children, including payments for household expenses, in excess $100,000. The gifts were made from a checking account and a brokerage account that listed Jordan and her father as joint owners with a right of survivorship.
 {¶ 4} When, following their father's death, the estate's assets filed with the probate court were substantially smaller than he had expected, MacEwen brought this lawsuit, alleging that Jordan, as executor, had concealed probate assets, and that gifts that Jordan had made to herself and to her family prior to their father's death were fraudulent and were made in breach of her fiduciary duty to her father. He sought from the probate court an order that Jordan return those assets to their father's estate.
 {¶ 5} The concealment-of-assets claim was dismissed by the probate court on October 1, 2001. See R.C. 2109.50. No appeal was taken from that order.
 {¶ 6} Following discovery, including the taking of Jordan's deposition, Jordan moved for summary judgment on MacEwen's claims. The probate court magistrate granted the motion. MacEwen timely filed objections to the magistrate's decision. Following a hearing, the probate court, in a written opinion, overruled the objections and entered summary judgment for Jordan.
 THE SUMMARY-JUDGMENT STANDARD OF REVIEW {¶ 7} The function of summary judgment is to determine from the evidentiary materials if triable factual issues exist. A motion for summary judgment shall be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated, (2) that the moving party is entitled to judgment as a matter of law, and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C).
 {¶ 8} The moving party "bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims."Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264. If the moving party discharges that burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(E) showing that a triable issue of fact exists. See id. at 293, 1996-Ohio-107, 662 N.E.2d 264.
 {¶ 9} Because summary judgment presents only questions of law, an appellate court's review of the granting of a motion for summary judgment is de novo. See Polen v. Baker, 92 Ohio St.3d 563, 564-565,2001-Ohio-1286, 752 N.E.2d 258. The substantive law governing MacEwen's claims identifies the factual disputes that are material and thus could preclude summary judgment. See Gross v. Western-Southern Life Ins. Co.
(1993), 85 Ohio App.3d 662, 666-667, 621 N.E.2d 412, citing Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505. Each of MacEwen's remaining claims required proof that Jordan had breached a fiduciary duty to her father or to his estate. MacEwen contends that all of the transactions at issue were violative of Jordan's fiduciary duty to her father, thus creating genuine issues of material fact.
 BREACH OF FIDUCIARY DUTY {¶ 10} In his first assignment of error, MacEwen contends that the probate court erred in granting summary judgment when a genuine issue of material fact remained as to whether Jordan had breached her fiduciary duty to their father by making gifts to herself pursuant to the September 29, 1996, power of attorney. A power of attorney is a written instrument authorizing an agent to perform specific acts on behalf of the principal. See R.C. 1337.09; see, also, Testa v. Roberts (1988),44 Ohio App.3d 161, 164, 542 N.E.2d 654; Brooks v. Bell (Apr. 10, 1998), 1st Dist. No. C-970548. The holder of a power of attorney has a fiduciary relationship with the principal. See Brooks v. Bell ; see, also, In re Scott (1996), 111 Ohio App.3d 273, 276, 675 N.E.2d 1350. This relationship imposes a duty of loyalty to the principal. See id.; see, also, Restatement of the Law 2d, Agency (1958), Section 389, and Lapping, License to Steal: Implied Gift-Giving Authority and Powers of Attorney (1996), 4 Elder L.J. 143, 164.
 {¶ 11} As this court has noted, attorneys-in-fact act outside the authority when they use a general, durable power of attorney to make gifts to themselves. See Brooks v. Bell; see, also, Schmuck v. Dumm
(Jan. 25, 1983), 5th Dist. No. 6133.[1] This self-gifting raises "a suspicion that undue influence may have been exerted" on the principal by the attorney-in-fact. Brooks v. Bell. This rule seems well established in other jurisdictions. See, e.g., Schock v. Nash
(Del. 1999), 732 A.2d 217, 225-226, 228 (noting other jurisdictions that have adopted the rule); see, also, Fender v. Fender (1985),285 S.C. 260, 262, 329 S.E.2d 430; Vejraska v. Pumphrey (1992),241 Neb. 321, 327, 488 N.W.2d 514.
 {¶ 12} We now hold that a general, durable power of attorney does not authorize attorneys-in-fact to transfer the principal's property to themselves or to others, unless the power of attorney explicitly confers this power. An attorney-in-fact may not make gratuitous transfers of the principal's assets unless the power of attorney from which the authority is derived expressly and unambiguously grants the authority to do so. Where, however, the principal has made an express grant of authority to an attorney-in-fact to make gifts to third persons, including the attorney-in-fact, the attorney-in-fact may, in the absence of evidence of undue influence upon the principal, make such gifts.
 {¶ 13} While this grant of authority effectively extinguishes any duty the attorney-in-fact has to avoid self-dealing, it does not remove all obligations owed to the principal. See In reScott, 111 Ohio App.3d at 276, 675 N.E.2d 1350; see, also, McLeod, What Are the Limitations to an Attorney-in-Fact's Power to Gift and to Change a Dispositive (Estate) Plan? (2000), 27 Wm. Mitchell L. Rev. 1143, 1161-1162. The attorney-in-fact remains a fiduciary, subject to a minimal duty of care owed to the principal. See id.;see, also, Schock v. Nash, 732 A.2d at 229. Thus, attorneys-in-fact bear the initial burden of proving the validity of a transfer to themselves under the power of attorney, while the party attacking the transfer retains the ultimate burden of proving undue influence by clear and convincing evidence. See Brooks v. Bell.
 {¶ 14} In determining the validity of such a transfer, a court must first look to the express grant of authority in the text of the power of attorney. Absent that grant, the transfer is presumptively invalid. A court must next look to other considerations, based upon the unique facts of the case, which may include whether a transfer depleted assets necessary to maintain the principal's lifestyle; whether the principal knew of the gift and authorized it in some manner; whether the recipient of the transfer was the natural object of the principal's bounty and affection; whether the transfer was consistent with the principal's estate plan; whether the gift was a continuation of the principal's pattern of making gifts; and whether the transfer was made for another legitimate goal, such as the reduction of estate taxes. See Nelson-Reade, Powers of Attorneys and Non-Tax Gifting Considerations (1996), 11 Maine Bar Journal 178, 180.
 {¶ 15} In this case, pursuant to our de novo review of the record before the probate court, and construing the facts most strongly in favor of MacEwen, Jordan presented uncontroverted evidence that she had acted according to her father's intent pursuant to the express grant of authority to make gifts to third persons and to herself. There was no evidence that Jordan's gifts had depleted assets necessary to maintain her father's lifestyle. He remained in Jordan's care in her home from September 1994 until his death. Their father was named on the checking-account and brokerage-account statements mailed to his home that recorded the transactions in his primary assets. The disputed transfers were to or for the benefit of Jordan and her daughter. Jordan was a primary beneficiary of her father's estate plan, as was MacEwen. Thus, Jordan carried her burden of establishing the validity of the power to transfer assets to herself. And MacEwen presented no evidence that Jordan had exerted undue influence on their father when he granted the power of attorney or at any subsequent time. The first assignment of error is overruled.
 DONATIVE INTENT GIFT TAXES {¶ 16} MacEwen, in his second assignment of error, contends that the probate court erred in granting summary judgment, because there remained genuine issues of material fact as to his father's present intention to make gifts to Jordan when he created the power of attorney. With an ordinary durable power of attorney, in the absence of an express grant of authority to gift, the donee bears "the burden of showing by clear and convincing evidence a present intention on the part of the donor to make a gift." Brooks v. Bell, citing to In re Estate of Fife (1956),164 Ohio St. 449, 132 N.E.2d 185. Here, the donative intent was made clear from the face of the document. The second assignment of error is overruled.
 {¶ 17} In his third assignment of error, MacEwen asserts that the probate court erred in failing to evaluate the gift-tax consequences of validating the gifting provision in his father's power of attorney. As MacEwen correctly notes, there may be "dire" gift tax consequences. See Section 2501, Title 26, U.S.Code. For example, in Tech. Adv. Mem. 95-13-001 (March 31, 1995), 1994 WL 778187, Issue #3, the Internal Revenue Service addressed whether transfers made during a decedent's life by the decedent's son under a durable power of attorney were completed gifts for federal gift tax purposes and were thus excludable from the decedent's gross estate.
 {¶ 18} But MacEwen bore the burden of demonstrating that triable issues of fact, as determined by substantive law, remained. See Dresher v. Burt, 75 Ohio St.3d at 293, 1996-Ohio-107,662 N.E.2d 264; see, also, Gross v. Western-Southern Life Ins. Co. The imposition and the computation of gift taxes is an issue for the Internal Revenue Service and the federal courts. "The general and longstanding rule in federal tax cases [is] that although state law creates legal interests and rights in property, federal law determines whether and to what extent those interests will be taxed." UnitedStates v. Irvine (1994), 511 U.S. 224, 238, 114 S.Ct. 1473. In a proceeding in which the United States is not a party, federal authorities are not conclusively bound by the characterizations of property interests reached in a state trial court. See Commr. v.Estate of Bosch (1967), 387 U.S. 456, 457, 87 S.Ct. 1776. Consequently, MacEwen has not advanced any authority identifying an obligation on the part of the probate court to consider the gift-tax implications of a power of attorney before resolving a claim that an attorney-in-fact, acting under the powers conferred to her, has breached a fiduciary duty. Therefore, the third assignment of error is overruled.
 EXCLUDABLE HEARSAY {¶ 19} In his fourth and final assignment of error, MacEwen claims the probate court erred in entering summary judgment for Jordan, where the evidence supporting her motion was inadmissible hearsay pursuant to Evid.R. 802. See Civ.R. 56(E). For example, MacEwen correctly notes that, in paragraph eleven of Jordan's affidavit in support of her motion for summary judgment, she related that their father had "regularly told me to use monies from the joint checking account and/or brokerage account to pay for my children's tuition and various household expenses." This statement, offered to show that their father approved and ratified her gifts to herself and to her children, is hearsay. It did not fall within the exception to the hearsay rule that permits testimony to the statements of a deceased person when the statement is used to rebut testimony by an adverse party on a matter within the knowledge of the deceased. See Evid.R. 804(B)(5); see, also,Brooks v. Bell.
 {¶ 20} The statements MacEwen questions were not identified in his appellate brief. See App.R. 16(A)(3). But they were identified in his November 30, 2001, motion in opposition to summary judgment and motion to strike. These hearsay statements were not relied upon by the magistrate or the probate court to justify the entry of summary judgment in their written decisions. We have reviewed the record de novo, and based upon the evidence cognizable under Civ.R. 56(E), hold that there are no genuine issues of material fact remaining that preclude the entry of summary judgment for Jordan on MacEwen's breach-of-fiduciary-duty, constructive-trust, and unjust-enrichment claims. The fourth assignment of error is overruled.
 {¶ 21} As no genuine issue of material fact remained to be litigated on MacEwen's claims, we hold that the probate court properly granted summary judgment for Jordan. See Civ.R. 56(C); see, also, Dresher v. Burt. Therefore, the judgment of the probate court is affirmed.
Judgment affirmed.
HILDEBRANDT, P.J., and PAINTER, J., concur.
[1] We note that in 1988, without reference to its earlier decision in Schmuck v. Dumm, the Fifth Appellate District reversed and remanded the probate court's determination that the language of a general power of attorney did not permit the attorney-in-fact to make gifts. See In re Estate of Canaday (Mar. 7, 1988), 5th Dist. No. 3317.