# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3441

_____

| | | |
|---|---|---|
| Samuel N. Edeh, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Midland Credit Management, Inc., | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 4, 2011
Filed: March 17, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Samuel N. Edeh appeals the district court's[1] adverse grant of summary judgment on his claim against Midland Credit Management, Inc. (Midland) under the Fair Credit Reporting Act. See 15 U.S.C. § 1681s-2(b) (duties of furnishers of information to credit reporting agency (CRA) upon notice from CRA of dispute over completeness or accuracy of information).[2] Having carefully reviewed the record, we

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

[2]The district court entered final judgment after the parties stipulated to a dismissal with prejudice of Edeh's other claims.

find that there were no trialworthy issues on whether Midland's investigation was reasonable.  See Conseco Life Ins. Co. v. Williams, 620 F.3d 902, 907 (8th Cir. 2010) (de novo standard of review; grant of summary judgment may be affirmed on any basis supported by record); see also Westra v. Credit Control of Pinellas, 409 F.3d 825, 827 (7th Cir. 2005) (reasonableness of investigation is factual question normally reserved for trial, but summary judgment is proper when reasonableness is beyond question).  The notices the CRAs provided to Midland provided little, if any, detail as to the basis for Edeh's dispute, see Westra, 409 F.3d at 827 (investigation was reasonable given scant information concerning nature of creditor's dispute); and the reasons provided in these notices were also inconsistent.  Further, contrary to Edeh's assertions on appeal as to what constitutes a reasonable investigation whenever a debt is disputed, a furnisher of information need investigate only what is contained in the CRA's dispute notice as to the nature of the dispute.  See Anderson v. EMC Mortg. Corp., No. 09-3906, 2011 WL 409095, at *3 (8th Cir. Feb. 9, 2011); see also Chiang v. Verizon New England, Inc., 595 F.3d 26, 38 (1st Cir. 2010) (more limited investigation may be appropriate when CRAs provide furnisher with vague or cursory information about consumer's dispute).  It was thus enough for Midland to check the information it received from the seller of the debt to verify that Edeh was the one who owed it and how much he owed.  Accordingly, we affirm.

_____