# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 12-6026

———

In re:  Bruce Lawrence Knigge;       *
Mary Ellen Knigge,                  *
                                  *

          Debtors,              *
                                  *

Bruce Lawrence Knigge;        *
Mary Ellen Knigge             *       Appeal from the
                                  *       United States
       Plaintiffs - Appellants,  *       Bankruptcy Court for the
                                  *       Western District of Missouri
         v.                 *
                                  *

SunTrust Mortgage, Inc.      *
                                  *

        Defendant - Appellee.   *

———

Submitted:  August 28, 2012
Filed:  October 1, 2012

———

Before KRESSEL, Chief Judge, SCHERMER and NAIL, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The Debtors, Bruce Lawrence Knigge and Mary Ellen Knigge (the "Debtors"), appeal from the ruling of the bankruptcy court[1] granting summary judgment to SunTrust Mortgage, Inc. ("SunTrust"), and denying summary judgment to the Debtors, on the Debtors' adversary complaint that challenged SunTrust's standing to enforce a promissory note and deed of trust on the Debtors' property, and sought to remove the deed of trust from the chain of title to such property. We have jurisdiction over this appeal from the final judgment of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The central issue in this appeal is whether a promissory note signed by the Debtors is a negotiable instrument under Missouri law. Because the promissory note is a negotiable instrument, we also consider whether SunTrust is allowed to enforce the terms of the promissory note and a deed of trust. In connection with these determinations, we address whether statements made in the affidavit of a SunTrust's representative were admissible, and whether the bankruptcy court properly applied judicial estoppel. We hold that the bankruptcy court correctly determined that the promissory note was a negotiable instrument and SunTrust was entitled to enforce it and the deed of trust. The bankruptcy court properly used evidence from the affidavit of SunTrust's representative and properly applied judicial estoppel.

## BACKGROUND

The Debtors borrowed $143,582.00 from Mid America Mortgage Services of Kansas City, Inc. ("Mid America") and, on December 15, 2003, executed a promissory note (the "Note") in favor of Mid America. The Note defines "Lender" as "Mid America Mortgage Services of Kansas City, Inc. and its successors and assigns." The Debtors' obligation under the Note was secured by a deed of trust (the

---

[1] The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

"Deed of Trust") (also dated December 15, 2003), providing Mid America with a security interest in the Debtors' residence (the "Property"). The next day, the Deed of Trust was recorded with the Clay County Recorders Office.[2]

Mid America sold and endorsed the Note to SunTrust. Upon its receipt of the Note around January 22, 2004, SunTrust endorsed the Note in blank. There is no allonge to the Note. SunTrust made the original Note available to counsel for the Debtors for inspection and copying. The original Note is held in a fire-proof safe in the office of SunTrust's counsel.

SunTrust sold the Note to a third party in 2004, but SunTrust repurchased the Note in 2010. When SunTrust sold the Note in 2004, SunTrust retained possession of the Note.

On April 14, 2011, the Debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). On Schedule D, the Debtors listed SunTrust as a secured creditor with a mortgage on the Property. The Debtors' Chapter 13 plan identifies SunTrust as the holder of a long-term secured mortgage debt.

The Debtors brought an adversary proceeding (the disposition of which led to this appeal) against SunTrust, challenging SunTrust's standing to enforce the Note and Deed of Trust, and requesting that the Deed of Trust be removed from the title to the Debtors' Property. SunTrust objected to confirmation of the Debtors' Chapter 13 plan. SunTrust and the Debtors settled SunTrust's objection to confirmation of the Debtors' plan with an agreed order. Without a reservation of rights by the

---

[2] Mortgage Electronic Registration Systems, Inc. is listed in the Deed of Trust as "beneficiary" and "nominee for Lender."

Debtors to contest SunTrust's standing, claim or lien, the agreed order modified the amount and interest rate of SunTrust's claim.

Prior to their current Chapter 13 bankruptcy filing, the Debtors filed a previous Chapter 13 case. In their previous Chapter 13 case, the Debtors listed SunTrust as a secured creditor with a mortgage on the Property in Schedule D. SunTrust's interests were addressed by two proceedings in their previous case. First, the Debtors' confirmed plan states that SunTrust holds a residential home mortgage that is to be paid as a long-term debt and excepted from the Debtors' discharge. Second, SunTrust filed a motion for relief from the automatic stay, arguing that the Debtors failed to make monthly payments. While the Debtors disputed the amount of the arrearage, but they did not object to SunTrust's standing to enforce the Note or to its claim. Moreover, the parties settled the issues in the stay relief motion through a stipulation and consent order providing that the Debtors consented to stay relief for SunTrust if the Debtors failed to make certain payments. The Debtors also entered into an amended consent order with SunTrust that allowed the Debtors a payment plan to catch up on delinquent mortgage payments. The consent order and amended consent order did not contain a reservation of rights by the Debtors to contest SunTrust's standing, claim or lien. The Debtors received a discharge in their previous case, and that case was closed.

In their current case, both the Debtors and SunTrust moved for summary judgment in the adversary proceeding. The bankruptcy court granted summary judgment to SunTrust, denying the challenge to SunTrust's enforcement of its Note and Deed of Trust, and denied the Debtors' request for summary judgment.

**STANDARD OF REVIEW**

We review findings of fact for clear error and conclusions of law *de novo*. *Lange v. Mutual of Omaha (In re Negus-Sons, Inc.)*, 460 B.R. 754, 755 (B.A.P. 8th Cir. 2011) (citation omitted). The bankruptcy court's grant of summary judgment is reviewed de novo. *Id.* Admission of evidence on summary judgment is reviewed for an abuse of discretion. *Conseco Life Ins. Co v. Williams,* 620 F.3d 902, 906 (8th Cir. 2010)*; Stallings v. Hussmann Corp.,* 447 F.3d 1041, 1046 (8th Cir. 2006) ("the abuse of discretion standard 'typically applies to threshold evidentiary determinations made in connection with summary judgment motions.' ") (quoting *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 31 (1st Cir. 2004)). Likewise application of judicial estoppel is reviewed for an abuse of discretion. *Stallings,* 447 F.3d at 1046 (citation omitted).

**DISCUSSION**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56, applicable herein pursuant to Fed. R. Bankr.P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The bankruptcy court properly determined that the Note is a negotiable instrument enforceable by Sun Trust as a matter of law, and that there is no reason to strike the Deed of Trust from the land records.

**A.    The Note is a negotiable instrument**

To determine that the Note is a negotiable instrument, we review two related sections of Article 3 of the Missouri Uniform Commercial Code, Mo. Rev. Stat. §§ 400.3-104 and 400.3-106. Section 104 defines the phrase "negotiable instrument," in pertinent part, as:

(a) . . . an *unconditional* promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
. . .
(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment . . .

MO. REV. STAT. §400.3-104 (emphasis added). Section 106 describes when a promise or order is "unconditional" for the purposes of §104. It states, in pertinent part, that:

(a) . . . for the purposes of Section 400.3-104(a), a promise or order is unconditional unless it *states* (i) an express condition to payment, (ii) that the promise or order is *subject to or governed by* another writing, or (iii) that rights or obligations with respect to the promise or order are stated in another writing. *A reference to another writing does not of itself make the promise or order conditional.*
(b) A promise or order is *not made conditional . . . by a reference to another writing for a statement of rights with respect to collateral, prepayment or acceleration . . . .*

MO. REV. STAT. §400.3-106 (emphasis added).

The Debtors direct our attention to Paragraph 4(C) of the Note as support for their argument that the Note is not a negotiable instrument because it is not "unconditional." Paragraph 4(C) provides that "[e]ach monthly payment of principal and interest will be in the amount of U.S. $ 837.91. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument."

According to the Debtors, this language makes the Note *subject to or governed by* the Deed of Trust under §106(a)(ii) because it incorporates payment terms from the Deed of Trust. The Debtors' argument is unpersuasive. Rather than incorporating payment terms from the Deed of Trust, Paragraph 4(C) of the Note distinguishes the Note's payment provisions from any payment obligations under the Deed of Trust. The Debtors also maintain that one must look at a document other than the Note (the Deed of Trust) to determine the full amount owed by the Debtors and, therefore, the Note is subject to or governed by the Deed of Trust. However, the Note's reference to the Deed of Trust in Paragraph 4(C) does not set forth additional amounts owed under the Note, and it does not suggest that the Deed of Trust affects the right to collect amounts owed under the Note.[3] The language in Paragraph 4(C) of the Note is nothing more than a reference to the Deed of Trust. And our review of the Deed of Trust shows no payment provision that amounts to anything other than a statement with respect to SunTrust's preservation of its collateral, prepayment or acceleration.

The bankruptcy court's decision that the Debtors failed to show nonmonetary undertakings that would destroy negotiability of the Note under §104(a)(3) does not appear to be disputed by the Debtors. We agree with the bankruptcy court's assessment. The nonmonetary undertakings in the Deed of Trust discussed by the bankruptcy court (undertakings "such as [o]ccupying the property, refrain[ing] from wasting or destroying the property, maintain[ing] insurance on the property, and giv[ing] notice to Lender of any losses related to the property.") are all "an undertaking or power to give, maintain, or protect collateral to secure payment" as permitted by §104(a)(3).

---

[3]     In addition, the language of the Note does not state that it is "subject to" or "governed by" the Deed of Trust.

**B.     The Note and Deed of Trust are enforceable by SunTrust**

Suntrust is entitled to enforce the Note. "Determination of whether a party has the right to enforce a negotiable instrument is governed by the UCC." *Overton v. Wells Fargo Bank, N.A.,* No. 4:11 CV 1957 JAP, 2012 WL 2326117, at *2 (E.D. M.O. June 19, 2012) (citation omitted). Pursuant to MO. REV. STAT. §400.3-301:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 400.3-309 or 400.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

MO. REV. STAT. §400.3-301. A "holder" is defined in MO. REV. STAT. §400.1-201(20) with respect to a negotiable instrument as "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession" MO. REV. STAT. §400.1-201(20); *Overton*, 2012 WL 2326117, at *2; *Washington v. Deutsche Bank Nat'l Trust Co. (In re Washington),* 468 B.R. 846, 853 (Bankr. W. D. Mo. 2011). "If an endorsement is made by the holder of an instrument and it is not a special endorsement, it is a 'blank' endorsement. When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed." MO. REV. STAT. §400.3-205(b); *In re Box*, No. 10-20086, 2010 WL 2228289, at *5 (Bankr. W.D. Mo. June 3, 2010). In Missouri, "a party entitled to enforce a note is also entitled to enforce the deed of trust securing that note, regardless of whether that transfer is recorded."[4] *Million v. JPMorgan Chase Bank,* N.A., No. 11-0410-CV-W-ODS, 2012 WL 1854785, at *2 (W.D. Mo. May 21, 2012) (quoting *Washington,* 468 B.R. at 853).

---

[4]     The Debtors did not argue that the Deed of Trust would be unenforceable even if the Note was enforceable by SunTrust.

The bankruptcy court properly determined that SunTrust was entitled to enforce the Note (and, therefore, the Deed of Trust) as a matter of law. The Note was endorsed by Mid American and made payable to SunTrust. The Note has an additional endorsement by SunTrust made in blank, and there is no allonge to the Note. SunTrust made the original Note available to counsel to the Debtors for inspection and copying. As the party in physical possession of the original Note endorsed in blank, SunTrust is entitled to enforce the Note and the Deed of Trust.

**C.** **The bankruptcy court properly admitted statements from the affidavit of Beverly Dumas**

Statements made by Beverly Dumas, Legal Proceedings Officer of SunTrust, in her affidavit, and adopted by the bankruptcy court, were properly treated as facts. According to the Debtors, the bankruptcy court, in granting summary judgment to SunTrust, improperly relied upon "a cluster of basic factual information" that constituted inadmissible evidence from the affidavit of Ms. Dumas. Statements by the bankruptcy court that, in the Debtors' view as stated in his briefs, were based on inadmissible evidence are:

- "Sometime thereafter, Mid America sold the Note to the Defendant SunTrust Mortgage, Inc."
- "Prior to delivering the Note to SunTrust, Mid America endorsed it to SunTrust."[5]
- "SunTrust received possession of the Note on or about January 22, 2004."
- "In sum, SunTrust has been in possession of the Note endorsed in blank from January 22, 2004, to the present."

---

[5] We do not understand the Debtors' argument that this statement by the bankruptcy court was improper. The front of the Note plainly shows an endorsement from Mid America to SunTrust.

The Debtors maintain that Ms. Dumas lacked personal knowledge to make statements set forth in her affidavit that were adopted by the bankruptcy court. We disagree. Ms. Dumas stated that the information in her affidavit was:

> based on my personal knowledge and review of relevant corporate documents and investigation into the facts stated herein. All of the documents attached . . . have been maintained as part of SunTrust Mortgage, Inc.'s business records in the regular course of its business and I am familiar with the manner in which those files are maintained.

Ms. Dumas, a representative of SunTrust, stated that she based her affidavit on the Debtors' loan documents and the business records maintained at SunTrust. And for the purposes of summary judgment, an affiant may acquire personal knowledge by a review of records that she did not create herself. *See Baker v. Veneman*, 256 F.Supp. 2d 999, 1005 (E.D. Mo. 2003) (statements based on review of loan files and experience were admissible); *Lee v. N.F. Investments, Inc. (In re Lee)*, No. 99-CV-426, 2000 WL 33949850, at *5 n. 2 (E.D. Mo. March 15, 2000)(facts were within affiant's personal knowledge after his review of loan file); *Stenger v. World Harvest Church, Inc.*, No. Civ. A. 1:04CV00151-RW, 2006 WL 870310, at *12 (N.D. Ga. 2006) ("Personal knowledge, as innumerable decisions from the federal courts make clear, can be gleaned from a review of records pertinent to a given case.").

D.     **The bankruptcy court properly applied judicial estoppel**

According to the Debtors, the bankruptcy court erred by using matters outside the summary judgment record (pleadings from the Debtors' prior bankruptcy case and from their current bankruptcy case) to base its opinion on judicial estoppel and the bankruptcy court's beliefs regarding why the Debtors filed its adversary proceeding. But the bankruptcy court's decision was made on the merits, not solely based on judicial estoppel or its opinion of the Debtors' motives. We can affirm the bankruptcy court's grant of summary judgment to SunTrust based on the merits, without addressing judicial estoppel. Nevertheless, we also affirm the bankruptcy court's application of judicial estoppel.

The bankruptcy court committed no error when it included information from the Debtors' prior bankruptcy case and other pleadings from the Debtors' current bankruptcy case.[6] And we agree with the bankruptcy court's decision to apply judicial estoppel.[7] Judicial estoppel "protects the integrity of the judicial process" *Equal Emp't Opportunity Comm'n v. CRST Van Expedited, Inc.,* 679 F.3d 657, 679 (8th Cir. 2012) (citation omitted). "As the Supreme Court has explained, the doctrine of judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)) (quoting *Pegram v. Herdrich,* 530 U.S. 211, 227 n.8 (2000) (internal quotation marks omitted)). Judicial estoppel "prevent[s] a party from playing 'fast and loose with the courts.'" *Monterey Development Corp. v. Lawyers Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993) (quoting *Konstantinidis v. Chen*, 626 F.2d 933, 937 (D.C. Cir. 1980).

"The circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formula or principle." *Stallings*, 447 F.3d at 1047 (quoting *New Hampshire*, 532 U.S. at 750). There are, however, certain factors that help guide a court regarding whether to exercise its discretion to apply judicial estoppel. *New Hampshire*, 532 U.S. at 750-51. These factors are not a source of "inflexible prerequisites or an exhaustive formula" and "[a]dditional considerations may inform the doctrine's application in specific factual contexts." *Id*. at 751. The factors are whether: (1) "a party's later position [is] clearly inconsistent with its earlier position;" (2) "the party has succeeded in persuading a court to accept

---

[6] Curiously, the Debtors never contend that the application of judicial estoppel was substantively improper or that any of the facts cited by the bankruptcy court were incorrect.

[7] The bankruptcy court also ruled that the Debtors' arguments were barred by *res judicata* and the law of the case doctrine. The Debtors made no specific arguments regarding the propriety of the bankruptcy court's application of these doctrines.

that party's earlier position, so that judicial acceptance of an inconsistent position in that later proceeding would create the perception that either the first or the second court was misled," and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51 (internal citations and quotations omitted).

In the Debtors' previous bankruptcy case, they admitted that SunTrust holds a security interest when they: (1) obtained confirmation of a Chapter 13 plan in which they listed SunTrust as the holder of a long-term secured mortgage debt; and (2) entered into two consent orders with respect to the SunTrust's request for stay relief, all without reserving the Debtors' rights to contest SunTrust's standing, claim or lien. In addition, the Debtors obtained a discharge in their previous case. And the Debtors continued to acknowledge SunTrust's interest as the holder of an enforceable secured claim in this case by settling SunTrust's objection to confirmation of their Chapter 13 plan (again without a reservation of rights) through an agreed order, even after the adversary proceeding that led to this appeal had been filed. In both cases, the Debtors included SunTrust on their schedules as the holder of a claim secured by a mortgage. We will not permit the Debtors to acknowledge SunTrust's lien when it was in their interest, and then change their position to contest SunTrust's position when that would provide them with an advantage in their adversary proceeding. Simply stated, the bankruptcy court did not abuse its discretion when it applied judicial estoppel.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is AFFIRMED.

---