# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 12-2754

———————————————

Tremaine L. Pace

*Plaintiff - Appellant*

v.

Portfolio Recovery Associates, LLC

*Defendant - Appellee*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: March 11, 2013
Filed: June 10, 2013
[Unpublished]

————————

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Tremaine L. Pace filed suit against Portfolio Recovery Associates, LLC ("Portfolio"), claiming violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Relevant to the present appeal, Pace alleged that Portfolio violated 15 U.S.C. § 1692c(c) of the FDCPA when it continued calling him after he mailed a cease-and-desist letter. Portfolio moved for summary judgment, arguing,

among other things, that it never received such a letter and that Pace failed to produce any evidence that it did. The district court[1] granted Portfolio's motion, finding that this claim failed for want of proof of receipt. We affirm because Pace adduced no evidence that Portfolio continued calling Pace after he sent the cease-and-desist letter.

## I. *Background*[2]

Pace had credit accounts with Southwestern Bell Telephone and Capital One Bank. Pace allegedly defaulted on his obligations. In 2011, Pace received debt-collection telephone calls from Portfolio. Pace maintains that he kept a call log of the phone calls that he received from debt collectors. Pace provided his call logs orally to his counsel over the telephone, but he did not provide the written logs to his attorney. Pace has not produced a copy of the call logs and stated in discovery responses that he "is in possession of no responsive document." Pace received debt-collection calls from at least two other debt collectors while also receiving collection calls from Portfolio. Pace maintains that his call logs kept track of these calls, too.

Pace filed suit against Portfolio, alleging, among other things, that Portfolio violated 15 U.S.C. § 1692c(c) of the FDCPA when it continued calling him after he mailed a cease-and-desist letter to Portfolio. Pace could not "recall even what the [cease-and-desist] letter said or anything." He testified that he had no record of when he mailed Portfolio the letter. According to Pace, he handwrote the cease-and-desist letter and mailed it with the U.S. Postal Service. Pace agrees that Portfolio's representative stated in an affidavit that Portfolio has no record of ever receiving any correspondence from Pace.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

[2]Pace admitted to the following facts in his response to Portfolio's statement of uncontroverted facts in support of its motion for summary judgment.

Portfolio moved for summary judgment, arguing that, among other things, it never received a cease-and-desist letter from Pace and that Pace failed to produce any evidence that it did. The district court granted Portfolio's motion, finding that Pace's FDCPA claim failed for want of proof that the debt collector received the cease-and-desist letter.

## II. *Discussion*

On appeal, Pace argues that the district court "erred when it found that a FDCPA plaintiff, in assert[ing] . . . a violation of 15 U.S.C. § 1692c(c), must make a specific proof [of] mailing, that [the plaintiff's] claim fails for want of proof of receipt, and that the statutory language requires such proof."

> We review summary judgment motions de novo. *Johnson v. AT & T Corp.*, 422 F.3d 756, 760 (8th Cir. 2005). "Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Thomas v. Union Pac. R.R. Co.*, 308 F.3d 891, 893 (8th Cir. 2002). We "may affirm the district court on any basis supported by the record." *Id*.

*Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 907 (8th Cir. 2010).

Section 1692c(c) provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," barring such exceptions not relevant to the present case. 15 U.S.C. § 1692c(c). "If such notice from the consumer is made by mail, notification shall be complete upon receipt." *Id*.

We need not address whether the district court erred in finding that Pace's § 1692c(c) claim failed for want of proof of receipt by Portfolio. Pace's claim fails

because Pace has adduced no evidence that Portfolio continued to communicate with him after he sent the cease-and-desist letter. Consequently, Pace cannot prove a violation of § 1692c(c).

Under § 1692c(c), a plaintiff must demonstrate that the debt collector "communicate[d] further with the consumer with respect to [the] debt" after the "consumer notifie[d] [the] debt collector in writing that the consumer . . . wishes the debt collector to cease further communication with the consumer." Pace *alleged in his complaint* that Portfolio "continued to contact [him] after he mailed a cease[-]and[-]desist letter[,] in violation of 15 U.S.C. § 1692c(c)." But once Portfolio moved for summary judgment, Pace was required to "discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact." *See Conseco*, 620 F.3d at 909 (quotation and citation omitted).

It is undisputed that Pace kept call logs of the phone calls that he received from debt collectors and provided those call logs orally to his counsel over the telephone. It is also undisputed that Pace never produced the written logs to his attorney. More importantly, Pace has not produced a copy of the call logs in response to Portfolio's motion for summary judgment. In discovery responses, Pace stated that he "is in possession of no responsive document." Pace has provided no affidavit or other evidence to create a genuine issue of material fact as to when or if Portfolio contacted him after he sent the cease-and-desist letter. Thus, Pace has produced no evidence in response to Portfolio's motion for summary judgment to support his allegation that he continued receiving calls from Portfolio after he sent the cease-and-desist letter. On this record, the district court did not err in granting Portfolio's motion for summary judgment.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____

-4-