# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2787
_____

Lea E. Johnson; Samantha J. Johnson

*Plaintiffs - Appellants*

v.

Freedom Mortgage Corporation

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 21, 2025
Filed: February 2, 2026
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Lea and Samantha Johnson sued Freedom Mortgage Corporation under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, alleging that Freedom Mortgage provided inaccurate information about them to credit reporting agencies and then failed to make a reasonable investigation when they complained about it.

The district court[1] held there was no material dispute about the report's accuracy and granted summary judgment to Freedom Mortgage. We affirm.

The Johnsons bought a house in Minnesota funded with a mortgage loan which, since late 2019, has been serviced by Freedom Mortgage. They made regular online payments. After filing for bankruptcy in March 2020, they reaffirmed the loan, and Freedom Mortgage required them to pay by mail instead. Freedom Mortgage's welcome letter told the Johnsons to "make checks payable to Freedom Mortgage Corporation (include your mortgage loan number [])." The letter reiterated, "Be sure to include your mortgage loan number . . . on the check." The Johnsons' monthly statements instructed "make your check or money order payable to Freedom Mortgage" and "include your loan number." Each statement included a coupon listing the loan number.

On April 28, 2020, Lea mailed a $1,596.00 cashier's check to Freedom Mortgage to make her $1,595.12 mortgage payment due on May 1, 2020. Lea testified that she included a piece of paper with the loan number in the envelope, but the check itself did not include any identifying information beyond Samantha's name. Freedom Mortgage received the check but did not deposit it because it did not know which account to credit—it had 34 customers named Samantha Johnson and the check did not match the amount due on the Johnsons' mortgage. Freedom Mortgage marked the Johnsons' payment as past due.

The Johnsons discovered the problem when they received their next statement. They called Freedom Mortgage on May 23, 2020, telling the account representative that they sent a money order and that it had been cashed. Neither of these things was true, and the representative could not find the check. After the cashier's check was returned to the issuing bank, the Johnsons sent a new check with

[1]The Honorable Katherine Menendez, United States District Judge for the District of Minnesota.

the loan number written on its face. The payment was applied to their account on June 9, 2020.

Freedom Mortgage notified the credit reporting agencies of the late payment. For months, both Lea and Samantha disputed the late payment with the reporting agencies, claiming: "[M]y Freedom Mortgage Account is reporting late payments on my credit report. I've made all of my payments on time so please remove this information immediately." They followed up: "I am writing you again regarding the late payment you're reporting for my Freedom Mortgage account. I have made all my payments on time so please correct this information immediately."

The reporting agencies notified Freedom Mortgage of the dispute and forwarded the Johnsons' dispute letters. Freedom Mortgage investigated, verified that the May payment was more than 30 days late, and refused to make a change in the reporting. The Johnsons sued, alleging that the report was inaccurate because their check was mailed on time and that Freedom Mortgage failed to do a reasonable investigation. The district court concluded that Freedom Mortgage's report was accurate—the payment was in fact late and the Johnsons' first check was nonconforming because it did not include the loan number as required by the welcome letter's instructions.

We review *de novo* the district court's order granting summary judgment and may affirm on any basis supported by the record. *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 907 (8th Cir. 2010). Summary judgment is proper if, when viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The FCRA places two main obligations on furnishers of information like Freedom Mortgage. 15 U.S.C. § 1681s-2. First, they are prohibited from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information

is inaccurate." *Id.* § 1681s-2(a)(1)(A). Second, where a consumer disputes the reported information, they must "conduct an investigation with respect to the disputed information," report the results to the reporting agencies, and modify or delete any inaccurate, incomplete, or unverifiable information uncovered. *Id.* § 1681s-2(b)(1). Only the second section includes a private cause of action. *Id.* § 1681s-2(c)–(d).

The Johnsons argue that Freedom Mortgage's investigation was unreasonably "cursory." *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1305 (11th Cir. 2016). We disagree. "Because a furnisher's obligation to conduct a reasonable investigation under § 1681s-2(b) arises when it receives a notice of dispute from a [reporting agency], it need investigate only 'what it learned about the nature of the dispute from the description in the [reporting agency]'s notice of dispute.'" *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 908 (8th Cir. 2011) (citations omitted). "[A] more limited investigation may be appropriate when [reporting agencies] provide the furnisher with vague or cursory information about a consumer's dispute." *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010).

The dispute letters here were conclusory and short, saying only that the Johnsons "made all [their] payments on time." They did not explain the issue with the first check or their conversation with the account representative. In response, Freedom Mortgage investigated the account history, account notes, and payment history.[2] This was more than the furnisher in *Hinkle*, which "did not attempt to

---

[2]Freedom Mortgage reviewed the account notes from the Johnsons' May 23 call. The notes reflect the Johnsons' claim that they had paid their mortgage with a money order that Freedom Mortgage had cashed. Given their inaccurate explanation to the account representative, neither the call nor the related account notes revealed that the Johnsons' dispute was "bona fide." *Hrebal v. Nationstar Mortg. LLC*, 385 F. Supp. 3d 849, 853, 851 (D. Minn. 2019) (reasonable investigation would have revealed, among other things, "a legitimate and longstanding 'proof of claim error'"). So the call is not evidence of an inaccurate or incomplete late-payment report.

consult account-level documentation." 827 F.3d at 1305. Freedom Mortgage confirmed the payment due May 1 was credited on June 9, "determined that the reported account status was accurate, and verified that information to the [reporting agencies]." *Anderson*, 631 F.3d at 909. Because "[i]ts duties as a furnisher of information under the FCRA required no more," *id.*, no jury could find that the investigation was unreasonable. *See Edeh v. Midland Credit Mgmt., Inc.*, 413 F. App'x 925, 926–27 (8th Cir. 2011) (unpublished) (per curiam) (with little information in the disputes, it was enough for the furnisher "to check the information it received . . . to verify [the consumer] was the one who owed [the debt] and how much he owed"); *see also Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (reasonableness of investigation is factual question normally reserved for trial, but summary judgment is proper when reasonableness is beyond question).

The Johnsons want us to adopt the heightened standard of accuracy used in some circuits and find that Freedom Mortgage's report was materially misleading, even if it was technically accurate. *See, e.g.*, *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008) ("[A] consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression."); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) ("It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b)."). But because Freedom Mortgage's reasonable investigation did not find evidence that the report was inaccurate or incomplete under either test, we do not need to decide whether to adopt a heightened accuracy standard. We likewise do not need to address the argument that the district court erred by looking to § 1681s-2(a) for the standard of accuracy because the reasonable investigation did not find the alleged deficiency.

The Johnsons finally argue that the payment instructions in the welcome letter were ambiguous, creating a genuine dispute of material fact about whether they

complied with Freedom Mortgage's directions when they sent the first check. They did not make this argument to the district court, and so we will not consider it for the first time on appeal. *See Sanzone v. Mercy Health*, 954 F.3d 1031, 1045–46 (8th Cir. 2020).

      Affirmed.

_____